1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5
6  UNITED STATES OF AMERICA,
7          Plaintiff,                    No. CR 13-0300 PJH
8          v.                            **ORDER GRANTING MOTION TO SUPPRESS**
9  ANTHONY MITCHELL,
10         Defendant.
   _____/
11

12        On September 25, 2013, this matter came on for hearing on defendant Anthony

13  Mitchell's motion to suppress.  As the court held on the record, the search warrant affidavit

14  sufficiently established the fair probability that Mitchell committed a crime and that evidence

15  of its commission would be found at Mitchell's residence, work place or vehicles.  The issue

16  remaining before the court is whether the affidavit established the nexus between Mitchell

17  and the 28th Street residence that was searched.  For the reasons set forth below, the

18  court GRANTS the motion to suppress the fruits of the search from the 28th Street

19  residence.

20        The evidence cited in the affidavit to establish the location to be searched as

21  Mitchell's residence was limited to the following: Accurint record that Mitchell's phone

22  number was "associated" with the 28th Street address; surveillance of Mitchell driving the

23  Mercedes convertible into a garage at the 28th Street property, several hours after Mitchell

24  conducted two suspected drug transactions from his car, an instrumentality of the crime;

25  observation of the garage door opening when Mitchell drove into the driveway, supporting a

26  reasonable inference that he used a remote control to open the garage.

27        The court determines that the facts contained within the four corners of the affidavit

28  do not establish a fair probability that evidence of crime would be found in the residence

1    that was to be searched.  First, the affidavit suggests some association between Mitchell's

2    cell phone number and the 28th Street address as reflected in the Accurint record, but does

3    not establish the nature or type of association that was uncovered by the Accurint record.

4    Indeed, at the hearing government counsel could not explain to the court what this

5    "association" means.  The undisputed evidence from Mitchell's criminal, DMV and

6    probation records establishes that his residence was on Roosevelt Avenue.  Without more

7    information about the Accurint record and what "associated" with an address is intended to

8    mean, the court cannot conclude that the 28th Street address was Mitchell's residence or

9    workplace.

10          Second, Mitchell was seen entering the garage only once, and the facts presented in

11   the affidavit do not establish that the 1134 unit could even be accessed from the garage.

12   Mitchell was not seen leaving the garage, so that it is unknown whether or not he spent the

13   night there, nor was he seen entering or leaving through the front door of the 1134 unit.

14   Thus, Mitchell was never actually seen entering or exiting the unit.  Furthermore, Mitchell

15   has demonstrated that there were three different residential units located within the 28th

16   Street property, one on Rheem and two on 28th Street, and each unit is indicated by a

17   separate mailbox with its own street number.  Larsen Decl. Exs. 1-4.  Mitchell has also

18   shown that the 28th Street property has 2 garages, one with a sign indicating it was

19   reserved only for the Rheem residence, and another which does not indicate at all whether

20   it also belonged to the Rheem residence or to 1134 or 1134A 28th Street.  In fact, it is not

21   even clear that there were two garages and not just two doors to one garage.  Further,

22   there was no indication from the outside that the garage Mitchell entered actually led to the

23   1134 unit.  Without further surveillance of Mitchell coming and going to the 1134 unit to

24   support a reasonable inference that he lived there, or further investigation into the different

25   units at the 28th Street property, the one-time observation of Mitchell driving into the

26   garage does not support a fair probability that Mitchell resided there or that evidence of a

27   crime would be found at 1134 28th Street.   In sum, the affidavit did not support a "fair

28

1  probability" that contraband or evidence of a crime would be found at 1134 28th Street.

2  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

3        Under the totality of the circumstances, the facts set forth in the affidavit establish

4  probable cause to search the garage that Mitchell entered at the 28th Street property, but

5  not the particular residence that was searched.  By contrast, in *United States v. Chavez-*

6  *Miranda*, 306 F.3d 973, 979 (9th Cir. 2002), the court found a nexus between the alleged

7  criminal activity and the searched location where the defendant regularly went back and

8  forth to the searched location during surveillance of controlled buys, used an electronic

9  access device to access the parking lot of a gated complex, and the electric utility for the

10  searched apartment was subscribed under the defendant's name.

11        The government argues that even if probable cause to support the search warrant

12  was lacking, the evidence from the search is admissible because the agents relied in good

13  faith on the validity of the search warrant.  The good faith exception is satisfied if an officer

14  acts "in objectively reasonable reliance" on the warrant.  *United States v. Underwood*, --

15  F.3d ---, 2013 WL 3988675, *8 (9th Cir. Aug. 6, 2013) (citing *United States v. Leon*, 468

16  U.S. 897, 922 (1984)).  "To determine whether the officer acted in objectively reasonable

17  reliance, 'all of the circumstances - including whether the warrant application had previously

18  been rejected by a different magistrate - may be considered.'"  *Id.* (citing *Leon*, 468 U.S. at

19  922 n. 23; *Messerschmidt v. Millender*, -- U.S. ---, 132 S.Ct. 1235, 1249-50 (2012)).

20        Here, the officer's reliance on the search warrant was not objectively reasonable in

21  light of the attenuated connection between Mitchell and the 28th Street property.  The

22  vague description of a single Accurint record reflecting that Mitchell's phone number was

23  associated with the 28th Street residence, the single observation of Mitchell entering a

24  garage on the property several hours after conducting suspected drug sales, and the

25  inference that Mitchell had access to the garage with a remote control do not support a

26  reasonable inference that Mitchell had even a temporary or intermittent residence at the

27  28th Street address, as the government suggests.  Opp. at 11.  The officer's reliance on

28  the probable cause showing found insufficient here is distinguishable from the "colorable

1  argument for probable cause" found in *United States v. Crews*, 502 F.3d 1130 (2007)

2  (reversing suppression orders).  In *Crews*, the defendant was arrested for attempting to

3  elude police after driving another defendant's car which was registered to the apartment

4  that was searched; during surveillance, the defendant was seen driving away from the

5  apartment complex in a car parked in the space reserved for that apartment; and the

6  defendant was observed with the other defendant walking back and forth from the

7  apartment to a car parked in the reserved parking space.  *Id.* at 1137.  Here, by contrast,

8  the "bare bones" affidavit fails to establish a reasonable nexus between Mitchell and the

9  28th Street residence, and therefore lacks sufficient indicia of probable cause to fall within

10  the good faith reliance exception.

11       For the reasons set forth herein, the court GRANTS the motion to suppress the fruits

12  of the search of the 28th Street residence.  Accordingly, IT IS HEREBY ORDERED that all

13  evidence, including fruits, instrumentalities and evidence of a crime, taken and seized from

14  the premises of 1134 28th Street, as documented in the search report, is hereby

15  suppressed.  IT IS FURTHER ORDERED that such evidence is inadmissible as evidence

16  upon the trial of this action.  However, any fruits of the search of the 28th Street garage, the

17  search of Mitchell's person, Mitchell's Roosevelt Avenue residence, and Mitchell's cars are

18  not subject to this suppression order.

19       **IT IS SO ORDERED.**

20  Dated:  September 26, 2013

21                             PHYLLIS J. HAMILTON
                           United States District Judge

22

23

24

25

26

27

28